■ In the Matter of the Arbitration between Elias Landow, Respondent, and Motor Vehicle Accident Indemnification Corporation, Appellant.— In a proceeding by the Motor Vehicle Accident Indemnity Corporation (hereafter called MVAIC), (a) to stay arbitration of a claim for personal injuries asserted under an Accident Indemnification Endorsement which provided uninsured motorist coverage pursuant to subdivision 2-a of section 167 of the Insurance Law; and (b) to vacate the claimant's demand for such arbitration, pursuant to statute (Civ. Prac. Act, § 1458), the MVAIC appeals, as limited by its brief: (1) from an order of the Supreme Court, Kings County, dated January 18, 1962, which denied its application; and (2) from so much of an order of said court, dated April 19, 1962, made on reargument, as adhered to the original determination and again denied the application. Appeal from the order of January 18, 1962, dismissed as academic. Order of April 19, 1962, insofar as appealed from, reversed on the law, without costs; application granted to the extent of staying arbitration pending the court's determination of the issues raised herein; and application remitted to the Special Term for further proceedings not inconsistent herewith. No questions of fact were considered. Claimant alleges that on May 7, 1959 he was injured when the vehicle which he was operating was struck by a vehicle, owned by a corporation, All Pet Products, Inc., and operated by one Jacobs. At that time, the corporation did not maintain an owner's liability policy respecting its vehicle. A prior motion to compel acceptance of a claim against MVAIC under the standard indorsement was denied by the court as untimely. It appears, however, that the said Jacobs was independently insured against automobile liability by the Springfield Monarch Insurance Companies, an insurance carrier other than the owner's carrier. Subsequently, on February 22, 1961, claimant received a letter from Jacobs' carrier in which it disclaimed liability on the ground of late notice on the part of its insured, Jacobs. Within 10 days after claimant's receipt of such letter, he filed another proof of claim with MVAIC; and it is this claim which is the subject of the present application to stay arbitration, etc. The policy indorsement provides that " MVAIC will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the *owner or operator of an uninsured automobile*". The policy defines an uninsured automobile as: " (1) an automobile with respect to the ownership, maintenance or use of which there is, in the amounts specified in the New York Motor Vehicle Financial Security Act, neither (i) cash or securities on deposit with the New York Commissioner of Motor Vehicles nor (ii) a bodily injury liability bond or insurance policy, applicable to the *accident* with respect to *any person* or

*organization legally responsible* for the *use* of such automobile ". (Italics supplied.) In our opinion, such definition properly incorporates the definitions of both an "uninsured motor vehicle" and a "financially irresponsible motorist" as set forth in subdivisions d and j of section 601 of the Insurance Law. Subdivision (e) of section 608 of that statute provides that coverage by MVAIC for New York accidents caused "by financially irresponsible motorists" is available to a qualified person who files a notice of claim showing, *inter alia,* that "the insurer or insurers of the person or persons liable or alleged to be liable for his injury or loss have disclaimed liability or denied coverage because of some act or omission of the person or persons liable or alleged to be liable". The notice of claim must be filed within 10 days after receipt of such disclaimer. Although here the operator's insurer disclaimed coverage, its disclaimer was based on prima facie late notice. Since the Insurance Law does not mandate that a named insured be covered while operating a nonowned automobile, Jacobs' policy may or may not have actually applied to the accident in question. As this issue is without the terms of the arbitration clause contained in the policy (see *Matter of Rosenbaum [American Sur. Co. of N. Y.],* 11 N Y 2d 310; *Matter of Motor Vehicle Acc. Ind. Corp. [Brown],* 15 A D 2d 578), a hearing is necessary to determine the issue thus raised. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.