OPINION OF THE COURT
Howard Miller, J.
It is ordered that the petition is granted and the arbitration demanded by respondent pursuant to notice dated April 30, 1991 is permanently stayed.
Petitioner brings this application to stay arbitration demanded by its insured, the respondent herein, under the uninsured motorist provisions of the policy issued by peti *320 tioner to respondent, upon the grounds that (1) the vehicle involved in an accident with respondent on October 14, 1989 is not an uninsured vehicle; (2) respondent has failed to exhaust all the bodily injury liability insurance covering the tort-feasor’s vehicle; (3) respondent has waived his rights under the uninsured endorsement by settling with the tort-feasor’s insurer without the consent of petitioner; and (4) respondent has failed to comply with the notice and disclosure provisions of the policy. In opposition to the petition, respondent states that (1) the tort-feasor’s vehicle was uninsured; (2) arbitration is being sought under the uninsured motorist endorsement, which does not require exhaustion of all other insurance prior to a claim under the respondent’s policy; and (3) no demand was made by petitioner for the disclosure sought.
At the time of the accident which gave rise to this proceeding, the owner of the offending vehicle did not, according to respondent, carry insurance; however the driver of the vehicle carried a policy of insurance with Allstate Insurance Company with liability coverage of $10,000/$20,000. Respondent apparently settled with Allstate for $9,500 for personal injury compensation and $1,750 for a property damage claim; however if there was a general release executed in connection with this settlement, it was not submitted to the court.
For purposes of this petition, it will be assumed that the owner of the offending vehicle did not carry liability insurance. That does not, however, ipso facto, render the vehicle uninsured for purposes of invoking the uninsured motorist provisions. Both the statutory and policy definitions of an uninsured automobile refer not only to the ownership of the vehicle, but to the "maintenance or use” of a vehicle. In this case, the vehicle was being "used” by an insured driver. Had the Legislature intended to require uninsured vehicle protection in every case where the owner of the vehicle failed to carry a policy, the statute would not have included the additional language relating to maintenance and use. The purpose of uninsured motorist endorsements is to provide a fund to which an injured person may look for compensation for his injuries and presupposes that no other liability coverage exists (State-Wide Ins. Co. v Curry, 43 NY2d 298). Once coverage exists, albeit from the driver of the vehicle, rather than the owner, and there is an available fund to compensate an injured party, the vehicle is no longer an uninsured vehicle as defined by statute and in the policy. This is borne out by a Second Department decision in Matter of Landow (MVAIC) *321 (17 AD2d 976), where the court, in a proceeding brought by MVAIC to stay arbitration of an uninsured motorist claim, directed a hearing to be held to determine whether an operator’s policy may apply to an accident in which the offending vehicle was uninsured and the operator’s insurer had disclaimed coverage on late notice grounds. Had the Second Department taken the position advanced by respondent, no hearing would have been necessary.
Further, even assuming arguendo that the tort-feasor’s vehicle could be found to be uninsured for purposes of making claim under the uninsured motorist endorsement, under the "Exclusions” provisions of that endorsement, an insured may not recover if a settlement is made with any liable party without the insurer’s consent. There is nothing in the record before the court to indicate that the petitioner’s consent was sought prior to entering into a settlement with Allstate or that petitioner’s rights of subrogation were preserved by the stipulation. Absent the preservation of rights, the insured has prejudiced the subrogation rights of petitioner and is therefore precluded from asserting his uninsured motorist claim (Weinberg v Transamerica Ins. Co., 62 NY2d 379; see also, State Farm Mut. Auto. Ins. Co. v Taglianetti, 122 AD2d 40; Matter of Aetna Cas. & Sur. Co. v Scirica, 170 AD2d 448; Matter of State Farm Mut. Ins. Co. v Lopez, 163 AD2d 390).