■ In the Matter of the Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, and

SENYA ROZENBERG et al., Respondents. COUNTRY-WIDE INSURANCE COMPANY et al., Respondents. [723 NYS2d 9] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered February 2, 2000, to the extent that it denied that portion of the petition seeking to add Country-Wide Insurance Company as an additional party respondent, unanimously reversed, on the law, without costs, the petition granted in this respect, and a hearing directed on the issue of the validity of Country-Wide's disclaimer of coverage.

Respondent Rozenberg, petitioner's insured, demanded arbitration under his policy's uninsured motorist endorsement, after his involvement in a two-car collision with a vehicle owned by additional respondent Diaz and driven by additional respondent Jose Mizhquiri. Petitioner sought a stay of arbitration, on the grounds that the Diaz vehicle was insured by additional respondent Allstate, and that the driver was purportedly covered under his brother Segundo's policy with proposed additional respondent Country-Wide. The motion court granted the petition to stay arbitration pending a preliminary trial on the issue of whether the owner of the offending vehicle was in fact insured by Allstate, and whether the driver of that vehicle was in fact covered under a valid policy of insurance issued to his brother, ordering all of those parties joined as additional respondents. However, the court denied the request to join Country-Wide, the purported insurer of the driver (derivatively, through his brother) of the offending vehicle, because Country-Wide had timely "disclaimed coverage."

Petitioner's submission of Department of Motor Vehicles records confirming insurance coverage to Segundo Mizhquiri by Country-Wide at the time of the accident, and the police accident report indicating that Jose Mizhquiri was living at the same address as his brother Segundo at that time, established prima facie that the driver was insured by Country-Wide (*Matter of Eveready Ins. Co. v Roman*, 166 AD2d 530). Country-Wide's bald disclaimer created merely an issue of fact as to its validity, which should be explored at a hearing (*id.*; *Matter of Nationwide Ins. Co. v Sillman*, 266 AD2d 551, 552). Indeed, Country-Wide is a necessary party for the resolution of that issue (*Matter of Lumbermens Mut. Cas. Co. v Beliard*, 256 AD2d 579; *Matter of Eagle Ins. Co. v Sadiq*, 237 AD2d 605). Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Friedman, JJ.