■ In the Matter of the Arbitration between EAGLE INSURANCE COMPANY, Respondent, and TRACEY VILLEGAS, Respondent; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, et al., Respondent. [764 NYS2d 15] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered June 11, 2002, which granted the petition for a permanent stay of arbitration of an uninsured motorist claim, and added Vanier and Allstate as parties, unanimously modified, on the law and the facts, to vacate the disposition of the motion, State Farm and Burgess added as parties as well, and the matter remanded for a hearing on the issue of the validity of the disclaimer of coverage by appellant State Farm Mutual Automobile Insurance Company, and otherwise affirmed, without costs.

Respondent Tracy Villegas, petitioner's insured, demanded arbitration under her policy's uninsured motorist endorsement after her involvement in a two-car collision with a vehicle owned by Derrick Burgess and operated by Jamel Vanier. Petitioner Eagle Insurance Company sought a stay of arbitration pursuant to CPLR article 75, on the grounds that the accident did not involve uninsured motorists. In support of its petition, Eagle submitted a copy of the New York State Registration Record Expansion and a copy of the police accident report, which showed that State Farm was the insurer of Mr. Burgess's vehicle on the date of the accident. Eagle also contended that Vanier, the driver of Burgess's vehicle, was insured on the date of the accident by Allstate Indemnity Insurance Co. (Eagle refers to a Department of Motor Vehicles Registration Record Expansion showing that Vanier was insured by Allstate, but no such document is included in the record on appeal.) Eagle also sought an order adding Burgess, State Farm, Vanier and Allstate to the proceeding so that all parties would be before the court and bound by the court's determination.

State Farm opposed the petition, asserting that it had disclaimed coverage of Burgess's vehicle due to lack of cooperation by Burgess and Vanier. In support, State Farm attached

copies of disclaimer letters, dated April 25, 2001, which it asserted it had sent to Burgess and Vanier.

The IAS court granted the petition for a stay, finding that State Farm's letters to Burgess and Vanier did not constitute a proper disclaimer, that State Farm had failed to offer any specifics as to what constituted noncooperation by Burgess, and that State Farm failed to rebut Eagle's documentary evidence that the Burgess automobile was insured by State Farm on the date of the accident. The court also ordered Vanier and Allstate be added as additional respondents to the proceeding.

Eagle Insurance established a prima facie case that the Burgess automobile was covered by State Farm with the submission of the New York State Registration Record Expansion and the police report (*see Matter of New York Cent. Mut. Fire Ins. Co. [Rozenberg]*, 281 AD2d 330 [2001]). However, when State Farm came forward with evidence that it had disclaimed coverage of the Burgess vehicle due to noncooperation by Burgess and Vanier, triable issues of fact were raised as to whether the State Farm policy continued and whether State Farm's purported disclaimer of coverage was proper (*see Maryland Cas. Ins. Co. v Lopez*, 287 AD2d 719 [2001]; *New York Cent. Mut. Fire Ins. Co.*, 281 AD2d at 331). The IAS court determined the open factual issues regarding the validity of State Farm's asserted disclaimer solely on the basis of Eagle's documentary evidence and the informal submissions by nonparty State Farm. The court simultaneously ordered that Allstate and Vanier be joined as parties. The petition should not have been granted without first joining State Farm, Messrs. Burgess and Vanier, and Allstate as necessary parties, affording each of those parties an opportunity to submit competent evidence, and conducting an evidentiary hearing in order to adequately determine the factual basis and validity of State Farm's asserted disclaimer (*see New York Cent. Mut. Fire Ins. Co.*, 281 AD2d at 331; *Matter of Lumbermens Mut. Cas. Co. v Beliard*, 256 AD2d 579, 580 [1998]).

Accordingly, the case is remanded for further proceedings in accordance with this decision. Concur—Buckley, P.J., Sullivan, Rosenberger and Friedman, JJ.