■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v PETER J. REILLY, Appellant, and AETNA INSURANCE COMPANY, Also Known as TRAVELERS CASUALTY & SURETY COMPANY, Respondent. [789 NYS2d 128]—

Order, Supreme Court, New York County (Kibbie F. Payne, J.), entered December 3, 2003, which denied respondent insured's motion to vacate a default judgment in favor of petitioner insurer (Allstate) permanently staying an uninsured motorist arbitration, unanimously affirmed, without costs.

The insured asserts that he defaulted on Allstate's July 1995 application to stay the arbitration because he was then unable to counter Allstate's claim, based on a police accident report, that the offending vehicle was insured by Aetna. The insured's instant motion to vacate that default, made in August 2003, is based on newly discovered evidence (CPLR 5015 [a] [2]) of the offending vehicle's uninsured status, to wit, a June 2003 Suffolk County judgment dismissing a direct action that the insured commenced against Aetna (Insurance Law § 3420 [a] [2]) to enforce a default judgment that he obtained against the driver and owner of the offending vehicle in a federal court personal injury action that he commenced in January 1997. It further appears that Aetna was named as a "proposed" co-respondent on Allstate's application to stay arbitration but never joined therein, and that the Suffolk County judgment was based on a finding, made after a framed issue hearing, that Aetna did not insure the offending vehicle on the date of the accident.

The insured's motion to vacate his default was properly denied for failure to show that evidence sufficient to raise an issue of fact as to the offending vehicle's uninsured status was not available, or could not have been discovered, at the time of the insurer's application to stay arbitration (CPLR 5015 [a] [2]). While the insured states that he lacked information to counter the police accident report on which Allstate relied in resisting his demand for arbitration, he fails to explain why the "registration expansion search" on which he relied in demanding arbitration was insufficient to rebut the police accident report (cf. Matter of New York Cent. Mut. Fire Ins. Co. [Rozenberg], 281 AD2d 330 [2001]; Matter of Empire Mut. Ins. Co.

*[Greaney]*, 156 AD2d 154 [1989]). Indeed, evidence that a simple inquiry of Aetna elicited a denial of coverage would have been enough to rebut the police accident report and force a framed-issue hearing, wherein Allstate, bearing the burden of proof, would have been constrained to join Aetna as a necessary party and prove that it insured the offending vehicle on the date of the accident (*see Rozenberg* at 331; *Greaney* at 155). Concur—Saxe, J.P., Friedman, Marlow, Sullivan and Williams, JJ.