■ JULIANNE BINETTI, Appellant, v JASMINE INFANTE et al., Respondents. [831 NYS2d 67]—

Order, Supreme Court, Bronx County (Nelson Roman, J.), entered December 22, 2005, which, in an action for personal injuries sustained when plaintiff was struck by defendants' car, denied plaintiff's unopposed motion for partial summary judgment on the issue of defendants' liability, unanimously affirmed, without costs.

The motion court correctly held that plaintiff's proof on the motion, consisting mainly of the deposition transcripts of herself and defendant driver, does not show, prima facie, that the driver's actions in backing up her car were negligent, and, if so, the sole proximate cause of an accident that occurred as plaintiff was crossing the street perhaps at a point other than at an intersection (*compare Pareja v Brown*, 18 AD3d 636 [2005] [plaintiff said she was crossing street at a point other than intersection or crosswalk and staring at a building under construction right before impact; defendant said he looked in his mirrors as he backed up and did not see plaintiff], *with Bennett v Cruz*, 168 AD2d 307 [1990] [plaintiff crossing street in or immediately adjacent to crosswalk; defendant's truck struck plaintiff while backing up, i.e., moving in a direction from which no traffic would be expected]; *see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [failure of proponent to make prima facie showing requires denial of motion regardless of sufficiency of opposing papers]). Defendant's testimony that she "looked in the two mirrors and my rearview, and I turned around and there was no one next to the car" raises issues of credibility that are inappropriate for summary judgment treatment. Concur—Tom, J.P., Mazzarelli, Williams, McGuire and Kavanagh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN VIZCARRONDO, Appellant. [829 NYS2d 902]—Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered June 17, 2004, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's arguments for a reduced sentence under the Drug Law Reform Act (L 2004, ch 738) are without merit (*People v Utsey*, 7 NY3d 398 [2006]). Concur—Tom, J.P., Mazzarelli, Williams, McGuire and Kavanagh, JJ.