■ In the Matter of HERTZ VEHICLES, LLC, Appellant, v CAPRICE MONROE, Respondent. INFINITY et al., Proposed Respondents. [30 NYS3d 643]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Queens County (Raffaele, J.), entered June 24, 2015, which, after a framed-issue hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Michael Willis rented a vehicle from the petitioner and allegedly was operating it when it was struck by a vehicle owned and operated by Randy Thomas (hereinafter the alleged offending vehicle). The respondent Caprice Monroe allegedly was a passenger in the vehicle operated by Willis and sustained injuries as a result of the accident. Monroe sought arbitration of a claim against the petitioner for uninsured motorist benefits. The petitioner commenced this proceeding to permanently stay arbitration, alleging, inter alia, that the alleged offending vehicle was insured by the proposed additional respondent Infinity. After a framed-issue hearing, the Supreme Court

determined that the alleged offending vehicle's insurance policy had been cancelled by Infinity prior to the accident. The petitioner appeals.

Infinity contends, among other things, that the petitioner failed to submit competent evidence to meet its initial burden of identifying the alleged offending vehicle and showing that it was, in fact, insured at the time of the accident. Contrary to the petitioner's contention, Infinity may raise that issue as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]; *Matter of Eagle Ins. Co. v Rodriguez*, 15 AD3d 399, 400 [2005]), and we affirm on that alternative ground.

"The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (*Matter of AutoOne Ins. Co. v Umanzor*, 74 AD3d 1335, 1336 [2010]; *see Matter of Merchants Preferred Ins. Co. v Waldo*, 125 AD3d 864, 865 [2015]; *Matter of Hertz Corp. v Holmes*, 106 AD3d 1001, 1002-1003 [2013]). Here, to meet its initial burden, the petitioner was required to identify the alleged offending vehicle and show that it was, in fact, insured at the time of the accident (*see Matter of Farmers Ins. / Truck Ins. Exch. v Terzulli*, 112 AD3d 628, 628 [2013]; *Matter of Progressive Northeastern Ins. Co. v Gibson*, 62 AD3d 804, 804 [2009]).

At the hearing, Willis testified that, at the scene of the accident, the operator of the alleged offending vehicle, Thomas, gave him the telephone number for Thomas's insurance carrier. Willis wrote that information, along with other information relating to the identity of the vehicle, on a piece of paper. The next day, Willis called the number given by Thomas and spoke with an unnamed insurance agent who gave him Thomas's insurance information. Willis then wrote that information on a separate piece of paper.

Ten days after the accident, Willis used both pieces of paper to prepare a MV-104 motor vehicle accident report. The MV-104 accident report included the name and address of the driver of the alleged offending vehicle, but did not include any identifying information about the vehicle itself, including its license plate number, state of registration, make, model, or year. The MV-104 accident report indicated that the alleged offending vehicle was insured by Esurance, but it is undisputed that the insurance policy number shown therein correlated with an Infinity policy. Over the objection of Infinity, the Supreme Court admitted an uncertified and unsworn copy of the MV-104 accident report into evidence for "limited purposes because some information is hearsay."

Contrary to the petitioner's contention, it failed to make an evidentiary showing that the MV-104 accident report was admissible as a memorandum of a past recollection (*see People v Taylor*, 80 NY2d 1, 8 [1992]). "The requirements for admission of a memorandum of a past recollection are generally stated to be that the witness observed the matter recorded, the recollection was fairly fresh when recorded or adopted, the witness can presently testify that the record correctly represented his knowledge and recollection when made, and the witness lacks sufficient present recollection of the recorded information" (*id.* at 8). "[A] witness who verifies the correctness of the facts recorded must have had personal knowledge of the facts in the first instance" (*People v Fields*, 151 AD2d 598, 600 [1989]). Since Willis did not have personal knowledge of Thomas's insurance information in the first instance, the petitioner may not rely upon the portion of the MV-104 accident report containing that insurance information. Moreover, the information on the MV-104 accident report relating to the alleged offending vehicle and its insurance was derived from pieces of paper that were not produced at the hearing. "[A] 'memorandum not in its nature original evidence of the facts recorded, and not verified by the party who made the original and knew the facts, would open the door to mistake, uncertainty and fraud' " (*People v Taylor*, 80 NY2d at 9, quoting *Peck v Valentine*, 94 NY 569, 573 [1884]). Since the MV-104 accident report did not meet the criteria for admissibility as a memorandum of a past recollection, the Supreme Court erred in considering the MV-104 accident report as proof of identification of the alleged offending vehicle and that it was, in fact, insured at the time of the accident.

Neither of the witnesses called by the petitioner were able to independently identify the alleged offending vehicle based upon their own recollection and, therefore, show that the alleged offending vehicle was, in fact, insured at the time of the accident. Since the petitioner failed to establish this, the burden never shifted to Infinity to prove that the alleged offending vehicle's insurance policy had been cancelled prior to the accident (*cf. Matter of Merchants Preferred Ins. Co. v Waldo*, 125 AD3d at 865; *Matter of Centennial Ins. Co. v Capehart*, 220 AD2d 499, 499 [1995]).

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.