■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v WILFREDO MARTINEZ, Appellant. GEICO INDEMNITY COMPANY et al., Proposed Respondents. [30 NYS3d 891]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary uninsured motorist benefits, Wilfredo Martinez appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Raffaele, J.), entered April 8, 2015, which, without a hearing, granted the petition, permanently stayed arbitration, and denied his cross motion to dismiss the proceeding.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof granting the petition and permanently staying arbitration, and substituting therefor a

provision granting the petition only to the extent of temporarily staying arbitration pending a framed-issue hearing on the issue of insurance coverage; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

On February 13, 2012, Wilfredo Martinez (hereinafter the appellant) allegedly was injured in a motor vehicle accident when his vehicle was struck by another vehicle (hereinafter the offending vehicle). At the time of the accident, the appellant's vehicle was insured by Allstate Insurance Company (hereinafter Allstate). The offending vehicle, which was operated by Dramane Doumbia, was owned by Baptiste Konan, registered in Virginia, and allegedly was uninsured. In September 2014, the appellant sought benefits under the supplementary uninsured motorist (hereinafter SUM) endorsement contained in his Allstate policy and demanded arbitration. Thereafter, Allstate commenced this proceeding to permanently stay arbitration of the appellant's claim on the ground that Doumbia was insured by a policy issued by GEICO Indemnity Company (hereinafter GEICO) and, as such, the offending vehicle was not an uninsured vehicle and the appellant was not entitled to SUM benefits. The appellant cross-moved to dismiss the proceeding. The Supreme Court granted the petition, permanently stayed arbitration, and denied the appellant's cross motion.

" 'The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay' " (*Matter of Hertz Vehs., LLC v Monroe*, 138 AD3d 847, 848 [2d Dept 2016], quoting *Matter of AutoOne Ins. Co. v Umanzor*, 74 AD3d 1335, 1336 [2010]). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (*Matter of Merchants Preferred Ins. Co. v Waldo*, 125 AD3d 864, 865 [2015]). Here, Allstate demonstrated, prima facie, that the offending vehicle was not uninsured for purposes of the appellant's SUM claim by submitting evidence indicating that Doumbia was covered by an automobile liability insurance policy issued by GEICO (*see* Insurance Law § 3420 [f] [1]; Vehicle and Traffic Law § 311 [3]; *Matter of New York Cent. Mut. Fire Ins. Co. [Rozenberg]*, 281 AD2d 330 [2001]; *Matter of Travelers Ins. Co. v Monge*, 151 Misc 2d 319 [Sup Ct, Orange County 1991]). In response, the appellant raised a question of fact as to whether Doumbia's policy with GEICO provided coverage for the offending vehicle at the time of the subject ac-

cident (*see Matter of Nationwide Ins. Enter. v Harris*, 44 AD3d 947 [2007]).

Accordingly, although the Supreme Court properly denied the appellant's cross motion to dismiss the proceeding, it should not have permanently stayed arbitration without a hearing. Instead, the court should have held the issue of a permanent stay in abeyance, temporarily stayed arbitration, and directed a hearing on the issue of insurance coverage (*see id.* at 949). Specifically, a framed-issue hearing is required to determine whether Doumbia's GEICO policy applied to this accident and provided an available fund to compensate the appellant for the injuries he allegedly sustained in the accident (*see Matter of New York Cent. Mut. Fire Ins. Co. [Rozenberg]*, 281 AD2d 330 [2001]; *cf. Matter of Landow [Motor Veh. Acc. Indem. Corp.]*, 17 AD2d 976 [1962]; *Matter of Travelers Ins. Co. v Monge*, 151 Misc 2d 319 [1991]). Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.