In the Matter of AUTOONE INSURANCE COMPANY, Appellant-Respondent, v MARTIN NEGRON, Appellant. NEW MARKET LOGISTICS, LLC, et al., Proposed Respondents. [50 NYS3d 51]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered July 13, 2016, which, to the extent appealed from as limited by the briefs, denied the petition to permanently stay an uninsured motorist arbitration, and "discharged" the proposed additional respondents New Market Logistics, LLC and American Millennium Insurance Co. (AMIC), unanimously reversed, on the law, without costs, and the petition granted to the extent of temporarily staying the arbitration pending a hearing as to whether there is personal jurisdiction over AMIC, and, in the event there is jurisdiction, temporarily staying the arbitration pending a framed issue hearing as to the validity of AMIC's disclaimer of coverage.

Respondent Martin Negron was allegedly injured when a truck owned by New Market backed into a double-parked vehicle in which Negron was a passenger. New Market's insurer, AMIC, disclaimed coverage on the ground that New Market failed to cooperate in AMIC's investigation of the accident. Consequently, Negron demanded an uninsured motorist arbitration with petitioner, his own insurer. Petitioner sought a permanent stay of the arbitration, on the ground that the offending vehicle was insured. AMIC opposed the part of the petition that sought to add AMIC as a respondent, arguing that the court lacked personal jurisdiction over it. Without resolving the jurisdictional issue, the motion court determined that AMIC had validly disclaimed coverage.

AMIC's letters to petitioner raise issues of fact whether AMIC validly disclaimed coverage on the ground of noncooperation (*Matter of Nationwide Ins. Co. v Sillman*, 266 AD2d 551, 552 [2d Dept 1999]; *see also Matter of New York Cent. Mut. Fire Ins. Co. [Rozenberg]*, 281 AD2d 330, 331 [1st Dept 2001]; *see generally Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159 [1967]). Petitioner's argument regarding the timeliness of AMIC's disclaimer is not preserved for appellate review, since it was raised for the first time on appeal (*Matter of Brodsky v*

*New York City Campaign Fin. Bd.*, 107 AD3d 544, 545 [1st Dept 2013]).

AMIC properly raises the jurisdictional issue as an alternate ground for affirmance of the portion of the order that denied petitioner's request to add AMIC as a respondent. In opposition to petitioner's request, AMIC made a prima facie showing that it cannot be added to the proceedings because the court lacks personal jurisdiction over it, as it is a New Jersey corporation that does not transact any business in New York (*see Matter of American Tr. Ins. Co. v Hoque*, 45 AD3d 329, 329 [1st Dept 2007]). Neither petitioner nor Negron had an opportunity to rebut AMIC's showing, because AMIC's opposition papers were submitted after petitioner had submitted its reply. Accordingly, the issue cannot be determined on the record, and the matter is remanded for a hearing on the issue. Since AMIC is a necessary party to the hearing on the issue of the validity of its disclaimer (*Matter of New York Cent. Mut. Fire Ins. Co. [Rozenberg]*, 281 AD2d at 331), the jurisdictional issue must be resolved before any hearing on the issue of its disclaimer can be held. Concur—Tom, J.P., Acosta, Kapnick, Kahn and Gesmer, JJ.