Ixis Real Estate Capital, Inc. v Herbst (2019 NY Slip Op 01578)





Ixis Real Estate Capital, Inc. v Herbst


2019 NY Slip Op 01578


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-10974
 (Index No. 16977/09)

[*1]Ixis Real Estate Capital, Inc., appellant, 
v
Jackie Herbst, respondent, et al., defendants.


Ras Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.
Brooklyn Legal Services, Brooklyn, NY (Rachel Geballe of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated August 3, 2017. The order granted the motion of the defendant Jackie Herbst pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order is affirmed, with costs.
On July 8, 2009, the plaintiff commenced this action to foreclose a mortgage. On or about July 23, 2009, the plaintiff filed proof of service of the summons and complaint upon the defendant Jackie Herbst pursuant to CPLR 308(4). Herbst did not answer or appear in the action within the time provided by statute (see CPLR 308[4]; 320[a]; 3012[c]).
Approximately seven years later, on December 28, 2016, the plaintiff filed a request for judicial intervention, and the parties participated in a court settlement conference on March 1, 2017. On or about March 29, 2017, Herbst moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff had failed to take proceedings to enter a default judgment against him within one year of his default. In an order dated August 3, 2017, the Supreme Court granted the defendant's motion. The plaintiff appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." " Sufficient cause' requires a showing of a reasonable excuse for the delay in timely moving for leave to enter a default judgment, plus a demonstration that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1035). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (Giglio v NTIMP, Inc., 86 AD3d 301, 308).
Here, we agree with the Supreme Court's determination to grant Herbst's motion to dismiss the complaint insofar as asserted against him. Herbst demonstrated that the plaintiff failed to take any proceedings for entry of judgment within one year after he defaulted, and the plaintiff failed to demonstrate sufficient cause why the motion should be denied. The plaintiff offered various [*2]excuses for its delay, but the excuses all involved events which transpired after the one-year statutory deadline had already passed, and were therefore legally insufficient to justify its failure to take proceedings for a default judgment within one year after Herbst's default (see Quadrozzi Concrete Corp. Individual Account Plan & Trust v Javash Realty, LLC, 164 AD3d 1491; JBBNY, LLC v Begum, 156 AD3d 769, 772; Rafiq v Weston, 171 AD2d 783, 784; Monzon v Sony Motor, 115 AD2d 714, 715).
The plaintiff's remaining contentions are raised for the first time on appeal, and we do not consider them (see Matter of AutoOne Ins. Co. v Negron, 148 AD3d 534, 534; Matter of Brodsky v New York City Campaign Fin. Bd., 107 AD3d 544, 545; Antoine v Borrocas, 293 AD2d 558).
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court