Oliphant Fin., LLC v Etere (2023 NY Slip Op 51400(U))

[*1]

Oliphant Fin., LLC v Etere

2023 NY Slip Op 51400(U)

Decided on December 14, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 14, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY S. DRISCOLL, JJ

2022-527 S C

Oliphant Financial, LLC, Respondent,
against
Emmanuel Etere, Appellant. 

Emmanuel Etere, appellant pro se.
Roach & Murtha, P.C. (Timothy J. Murtha of counsel), for respondent (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Fourth District (C. Stephen Hackeling, J.), entered April 13, 2022, and from an order of that court dated June 7, 2022. The judgment, entered upon an April 12, 2022 order granting plaintiff's motion for summary judgment on the complaint, awarded plaintiff the principal sum of $6,534.26. The order denied defendant's motion "to vacate a default judgment."

ORDERED that the judgment is affirmed, without costs, and the matter is remitted to the District Court for all further proceedings on defendant's counterclaims; and it is further,
ORDERED that the appeal from the order is dismissed.
Plaintiff, a debt purchasing company which is the assignee of a loan that was purportedly made to defendant by plaintiff's assignor, seeks in this action to recover the principal sum of $6,534.26, based on defendant's alleged default in payment. Defendant denied liability and asserted two counterclaims: one for defamation and one alleging that, because plaintiff had not sent him statutorily required notices, it was liable to him based on its failure to comply with the Fair Debt Collection Practices Act (FDCPA) (15 USC §§ 1692 et seq.). 
Plaintiff moved for summary judgment on its complaint. Defendant separately moved for summary judgment dismissing the complaint. In an order dated April 12, 2022, the District Court (C. Stephen Hackeling, J.) granted plaintiff's motion without addressing defendant's motion. On April 13, 2022, a judgment was entered in favor of plaintiff in the principal sum of $6,534.26. Defendant subsequently moved "to vacate a default judgment," which motion the District Court (C. Stephen Hackeling, J.) denied in an order dated June 7, 2022. Defendant appeals from the judgment and the June 7, 2022 order.
On appeal, defendant makes two arguments. First, he argues that, because plaintiff failed to oppose his summary judgment motion, his motion should have been granted and thus, implicitly, that plaintiff's motion for summary judgment should have been denied. He also [*2]argues that "there was no pronouncement" on his counterclaim based on the FDCPA, but does not discuss the merits of his FDCPA argument. 
The District Court did not issue an order specifically deciding defendant's motion for summary judgment dismissing the complaint. However, as plaintiff's motion for summary judgment on the complaint was granted and a judgment was entered in plaintiff's favor pursuant to that order, it may be assumed that defendant's motion was implicitly denied. In any event, on appeal, defendant has not made any factual or substantive legal arguments as to why his motion should have been granted and plaintiff's motion denied. Contrary to his procedural argument, any insufficiency of papers submitted by plaintiff in opposition to defendant's motion for summary judgment would not be a basis to grant defendant's motion if he has not made a prima facie showing of entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Binetti v Infante, 38 AD3d 210 [2007] [affirming an order denying an unopposed motion for summary judgment]), and he has not argued on appeal that he has. Thus, on this appeal, defendant has not demonstrated a basis to reverse the judgment in plaintiff's favor. 
Plaintiff did not move for summary judgment dismissing defendant's counterclaims and defendant's motion for summary judgment did not seek relief on the counterclaims. Indeed, the judgment does not purport to determine the counterclaims. Consequently, defendant's counterclaims remain pending. 
The appeal from the order dated June 7, 2022, which denied defendant's motion "to vacate a default judgment," is dismissed as abandoned as there are no issues raised in defendant's brief with respect to that order (see Sirma v Beach, 59 AD3d 611 [2009]; B.Y., M.D., P.C. v Lancer Ins. Co., 26 Misc 3d 146[A], 2010 NY Slip Op 50493[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). In any event, we note that the judgment in this case was based upon the April 12, 2022 order granting plaintiff's opposed motion for summary judgment; it is not a default judgment. 
Accordingly, the judgment is affirmed and the matter is remitted to the District Court for all further proceedings on defendant's counterclaims.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 14, 2023