Woods v Harris-Camden Terminal Equip. Inc. (2024 NY Slip Op 00177)

Woods v Harris-Camden Terminal Equip. Inc.

2024 NY Slip Op 00177

Decided on January 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2024

Before: Moulton, J.P., Kapnick, Scarpulla, Higgitt, O'Neill Levy, JJ. 

Index No. 28993/18 Appeal No. 1435 Case No. 2023-00901 

[*1]Craig Woods, Plaintiff-Appellant,
v
Harris-Camden Terminal Equipment Inc. et al., Defendants-Respondents.

Kinkelstein & Partners, LLP, Newburgh (Kenneth Fromson of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia (Joseph A. Materazo of counsel), for Harris-Camden Terminal Equipment Inc., Banker Steel Co., L.L.C., and James Lucha, respondents.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for CNY Group LLC, respondent.
Baxter & Smith, P.C., Hicksville (Arthur J. Smith of counsel), for James F. Stearns Co., Inc., and J.F. Stearns Co., LLC, respondents.
Gfeller Laurie LLP, New York (Gary Strong of counsel), for Infinite Safety Quality Construction, respondent.

Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered October 31, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability against defendants Harris-Camden Terminal Equipment Inc., Bankers Steel Co., L.L.C. and James Lucha (collectively, the delivery defendants), and granted the motions of defendants Infinite Safety Quality Construction, CNY Group LLC, and J.F. Stearns Co., LLC for summary judgment dismissing all claims against them, unanimously affirmed, without costs.
Plaintiff, a security guard at a construction site, was injured in an accident involving the security booth at the site. The accident occurred when James Lucha, who was driving the delivery defendants' tractor-trailer, struck a dumpster while driving away from the worksite; the dumpster, in turn, became wedged underneath the trailer and hit a portable lavatory, which then collided with plaintiff's security booth, causing the booth to spin around and become dislodged from its position and flip over while plaintiff sat inside.
Plaintiff established prima facie entitlement to judgment as a matter of law by submitting evidence showing that the delivery defendants' truck launched the force that ultimately hit the security booth, causing it to move and injure plaintiff (see Pane v Cisilino, 144 AD3d 567, 567 [1st Dept 2016]). In opposition, however, the delivery defendants raised issues of fact. Lucha testified at his deposition that he checked his mirrors and found a clear path before moving the truck forward. The record also shows that the dumpster did not become wedged underneath the trailer until after Lucha's truck had moved straight forward about five feet, thus raising an issue of fact as to how the dumpster came to rest under the trailer (see Mikorski v City of New York, 3 AD3d 459, 459 [1st Dept 2004]). Taken together, this evidence raises a triable issue of fact as to whether the accident was attributable to Lucha's negligence (see Binetti v Infante, 38 AD3d 210, 210 [1st Dept 2007]; Ebanks v Triboro Coach Corp., 304 AD2d 406, 406 [1st Dept 2003]). Furthermore, although plaintiff testified that there were six or seven impacts to the security booth before it flipped over, Lucha testified that there was "a long bang" and that he did not believe his vehicle struck the security booth. These conflicting versions of how the accident occurred raise triable issues of fact that preclude summary judgment on the issue of the delivery defendants' liability (see Handelsman v Llewellyn, 180 AD3d 580, 580 [1st Dept 2020]; Colon v Woolco Foods Inc., 177 AD3d 498, 498 [1st Dept 2019]).
Plaintiff's contention that Lucha's actions violated Vehicle and Traffic Law § 1162 by trying to move his vehicle when it was not safe to do is raised for the first time on appeal and therefore is not preserved for review (see Matter of AutoOne Ins. Co. v Negron, 148 AD3d 534, 534 [1st Dept 2017]; Murray v City [*2]of New York, 195 AD2d 379, 381 [1st Dept 1993]). Although this Court may review legal arguments that appear on the face of the record and could not have been avoided if brought to the opposing party's attention (see Gerdowsky v Crain's N.Y. Bus., 188 AD2d 93, 97 [1st Dept 1993]), the chain of events that caused the dumpster to become wedged under the trailer presents a factual issue, not a purely legal one (see Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525 [1st Dept 2014]).
Infinite Safety made a prima facie showing that it did not breach any common-law or statutory duty to plaintiff by submitting an expert affidavit from its engineer, who opined that the guard booth was "properly positioned" and did not violate any portion of the New York City Building Code or any other applicable industry standard or regulation (see Hinton v City of New York, 73 AD3d 407, 407-408 [1st Dept 2010], lv denied 15 NY3d 715 [2010]). Similarly, the delivery defendants' expert opined that the accident did not occur because of any unsafe conditions on the property. In opposition, plaintiff failed to present evidence sufficient to raise a triable issue of fact. Although plaintiff testified that he complained about the location of the security booth, he presented no evidence to refute the delivery defendants' showing, including the expert report, regarding the positioning of the security booth (see Ronda v New York City Hous. Auth., 212 AD3d 543, 543-544 [1st Dept 2023]).
CNY Group's motion for summary judgment was also properly granted. CNY Group was the general contractor and was not supervising or controlling Lucha's work or the work of J.F. Stearns, whose flaggers were assisting Lucha by stopping traffic and signaling when it was safe to drive (see Colon v Corporate Bldg. Groups, Inc., 116 AD3d 414, 414 [1st Dept 2014]). That CNY Group retained general supervisory powers over Lucha and J.F. Stearns does not establish that CNY Group is responsible to plaintiff for the independent acts of its subcontractors (see Foran v Marsh & McLennan, 29 AD2d 857, 857 [1st Dept 1968]). Nor is a triable issue raised by the fact that CNY Group employees told Lucha that he needed to move his truck because other vehicles were waiting to make deliveries (see Foley v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 476, 477 [1st Dept 2011]).
Supreme Court properly granted J.F. Stearns's motion for summary judgment, as J.F. Stearns presented evidence that it was a contractor and did not breach any duty of care owed to plaintiff (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). J.F. Stearns demonstrated that its employees did not launch a force or instrument of harm while unloading the delivery defendants' truck, and the record presents no evidence that J.F. Stearns used or moved the dumpster before the accident. Under these circumstances, stopping traffic and signaling to defendant Lucha when it was safe to move his vehicle forward and enter the traffic [*3]lane did not create or exacerbate a dangerous condition (see id.; Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253, 257 [2007]). That J.F. Stearns may have been aware that the dumpster was too close to the delivery defendants' truck is of no moment because a subcontractor's awareness of a condition and failure to warn does not amount to launching an instrument of harm (see Skeete v Greyhound Lines, Inc., 209 AD3d 415, 416-417 [1st Dept 2002]). Nor is there any evidence to support the claim that plaintiff detrimentally relied on J.F. Stearns's continued performance of its contractual obligations given that plaintiff admits that it was defendant Lucha, and not plaintiff, who relied on the flaggers' directive to leave the construction site.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2024