Lopez v Mama's Fried Chicken, Inc. (2022 NY Slip Op 01124)





Lopez v Mama's Fried Chicken, Inc.


2022 NY Slip Op 01124


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 154638/18 Appeal No. 15357 Case No. 2021-02006 

[*1]Juanita Lopez, Plaintiff-Respondent,
v
Mama's Fried Chicken, Inc., Defendant, Abdul Baki, Defendant-Appellant. 


David Gevanter, Lindenhurst, for appellant.
Akin Law Group PLLC, New York (Zafer A. Akin of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered February 22, 2021, which denied defendant Abdul Baki's motion to vacate a judgment entered upon his default, awarding plaintiff, after an inquest, damages and attorneys' fees in the total amount of $540,760.71, unanimously affirmed, without costs.
In support of his motion to vacate the default judgment entered against him, defendant failed to present a reasonable excuse for his failure to answer the amended complaint or to oppose the motion for entry of a default judgment (CPLR 5015[a]; see Youni Gems Corp. v Bassco Creations, Inc., 70 AD3d 454 [1st Dept 2010], lv dismissed 15 NY3d 863 [2010]). The conclusory assertion of law office failure is asserted for the first time on appeal and is thus unpreserved (see e.g. Lutin v SAP V/A Atlas 845 WEA Assoc. NF LLC, 157 AD3d 466, 466-467 [1st Dept 2018]; Matter of AutoOne Ins. Co. v Negron, 148 AD3d 534, 534 [1st Dept 2017]), and in any event is unavailing. Even if the assertion were supported by any evidence, an assertion of law office failure should be rejected where "the record shows that defense counsel was fully aware of his obligations and intentionally and repeatedly failed to attend to them" (Imovegreen, LLC v Frantic, LLC, 139 AD3d 539, 540 [1st Dept 2016]). Since defendant failed to provide an acceptable excuse for the defaults, it is unnecessary to address whether he had a meritorious defense (see Gonzalez v Praise the Lord Dental, 79 AD3d 550, 550 [1st Dept 2010]).
With respect to the award for emotional distress and punitive damages, defendant failed to submit the evidence that was presented to Supreme Court during the inquest, thus rendering any meaningful appellate review of the award impossible (see CPLR 5526; UBS Sec. LLC v Red Zone LLC, 77 AD3d 575, 579 [1st Dept 2010], lv denied, 17 NY3d 706 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022