PEP LLC v Channel Creations LLC (2023 NY Slip Op 03425)

PEP LLC v Channel Creations LLC

2023 NY Slip Op 03425

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Renwick, P.J., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 154542/21 Appeal No. 524-525 Case No. 2022-03739 2022-05627 

[*1]The PEP LLC, Plaintiff-Respondent,
v
Channel Creations LLC Doing Business as Isotopia Records et al., Defendants-Appellants. 

Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for appellants.
Hodgson Russ LLP, Buffalo (James J. Zawodzinski, Jr., of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Alexander Tisch, J.), entered on or about August 3, 2022, which granted plaintiff's motion for leave to enter a default judgment against defendants and denied defendants' cross-motion to extend the time to respond to the complaint and direct plaintiff to accept a late answer, deemed appeal from judgment, same court and Justice, entered September 1, 2022, awarding plaintiff the total sum of $63,894.27, and as so considered, unanimously affirmed, without costs. Order, same court and Justice, entered on or about November 12, 2022, which, insofar as appealed from as limited by the briefs, denied defendants' motion to vacate a restraining notice placed on bank accounts, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting the motion for leave to enter a default judgment, since defendants, Channel Creations LLC and its sole member Constance Ann Hauman, failed to establish a reasonable excuse for their delay in submitting a responsive pleading(see Emigrant Bank v Rosabianca, 156 AD3d 468, 472-473 [1st Dept 2017]; CPLR 3012[d]). The process server's affidavit, which described the person who accepted service of the pleadings at Hauman's residence, constituted prima facie evidence that the pleadings were properly served (see Federal Natl. Mtge. Assn. v David, 172 AD3d 572, 573 [1st Dept 2019], lv denied 34 NY3d 910 [2020]). In addition, an affidavit from a second process server detailed four unsuccessful attempts to serve Hauman personally at her residence from August 4, 2021 through August 7, 2021, in addition to stating that the pleadings were mailed by first-class mail.
In opposition, Hauman failed to rebut plaintiff's prima facie showing, as she failed to submit a sworn, nonconclusory denial of service or swear to specific facts to rebut the statements in the process server's affidavit (see NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459, 460 [1st Dept 2004]). Rather, Hauman merely averred that she lived alone and never received the papers, and that there was no one in her apartment on the day that service was effected. These averments are insufficient to rebut the affidavit from plaintiff's process server (see U.S. Bank N.A. v Hawthorne, 207 AD3d 590, 591-592 [2d Dept 2022]; Bank of N.Y. v Espejo, 92 AD3d 707, 708 [2d Dept 2012]). Furthermore, Hauman's affidavit "failed to address, let alone dispute, that the pleadings had been mailed to her residence" (see Perilla v Carchi, 100 AD3d 429, 430 [1st Dept 2012]). Hauman's unsworn denial that she received papers from the New York State Secretary of State, is insufficient to rebut the affidavit of personal service where the corporation's registration was current and accurately stated Hauman's address (see Commerce Bank, N.A., v Executive Settlement Servs. 1 LLC, 66 AD3d 526, 527 [1st Dept 2009]).
Finally, Supreme Court correctly denied defendants' motion under CPLR 5222-a to vacate the restraining [*2]order issued to defendants' corporate bank accounts, as that section of the CPLR applies only to the accounts belonging to a natural person (Cruz v TD Bank, N.A., 22 NY3d 61, 66 [2013]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023