Seitzer v McFadden (2023 NY Slip Op 04833)

Seitzer v McFadden

2023 NY Slip Op 04833

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 155214/20 Appeal No. 661 Case No. 2022-04753 

[*1]Angela Seitzer, Plaintiff-Respondent,
v
Christopher M. McFadden, Defendant-Appellant.

Levine & Blit, PLLC, New York (Matthew J. Blit of counsel), for appellant.
Storch Byrne LLP, New York (Steven G. Storch of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about September 23, 2022, which denied defendant's motion to vacate a default judgment pursuant to CPLR 5015(a)(1), unanimously affirmed, without costs.
Defendant failed to demonstrate a reasonable excuse for his default, as he did not provide competent admissible medical evidence showing that his mental health issues prevented him from appearing and protecting his rights during the pendency of the action (see Matter of Amirah Nicole A. [Tamika R.], 73 AD3d 428, 428-429 [1st Dept 2010], lv dismissed 15 NY3d 766 [2010]; Gonzalez v Cirri, 56 AD3d 425 [2d Dept 2008]; cf. Pierot v Leopold, 154 AD3d 791, 792 [2d Dept 2017]). Even if we were to consider the unsworn letters and emails from defendant's treatment providers, they fail to show that he was hospitalized or otherwise incapacitated when he was served with process or when plaintiff moved for a default judgment (see Bank of N.Y. v Singh, 139 AD3d 486, 486 [1st Dept 2016]). Defendant's claim that he was periodically incarcerated during the relevant period was similarly insufficient, as there was no indication that he was incarcerated when he was served with the summons and complaint.
Since defendant failed to provide an acceptable excuse for his default, we need not address whether he had a meritorious defense (see Lopez v Mama's Fried Chicken, Inc., 202 AD3d 597, 598 [1st Dept 2022]). In any event, defendant's conclusory assertions in his affidavit were insufficient to establish a meritorious defense (see NYCTL 1998-2 Trust v Alanis Realty LLC, 176 AD3d 486, 487 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023