Hernandez v Saintelus (2025 NY Slip Op 50186(U))

[*1]

Hernandez v Saintelus

2025 NY Slip Op 50186(U)

Decided on February 7, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 7, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2024-197 RI C

Elvis J. Hernandez, Respondent,
against
Nkolika Saintelus, Appellant, "John" "Doe", Undertenant. 

Nkolika Saintelus, appellant pro se.
Jacobi, Sieghardt, Bousanti, Piazza & Fitzpatrick, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Richmond County (Kimberley Slade, J.), entered February 1, 2024. The order denied tenant's motion to, in effect, vacate a final judgment of that court entered October 23, 2023 upon tenant's failure to appear for trial in a holdover summary proceeding, and to stay the execution of the warrant of eviction.

ORDERED that so much of the appeal as is from the portion of the order that denied the branch of tenant's motion seeking to stay the execution of the warrant of eviction is dismissed as moot; and it is further,
ORDERED that the order, insofar as reviewed, is affirmed, without costs.
In this holdover proceeding, tenant failed to appear on the adjourned trial date, and a default final judgment was entered awarding landlord possession. Tenant appeals from an order of the Civil Court (Kimberley Slade, J.) entered February 1, 2024 denying tenant's motion to, in effect, vacate the default final judgment and to stay the execution of the warrant of eviction. Tenant was evicted from the premises on March 22, 2024.
Upon a review of the record, we find that the Civil Court providently exercised its [*2]discretion in denying the branch of tenant's motion seeking to, in effect, vacate the default final judgment. To the extent that tenant argued in her motion that the default final judgment should be vacated due to a lack of personal jurisdiction, she waived this contention by not raising it in her answer (see CPLR 3211 [e]; U.S. Bank N.A. v Cadoo, 197 AD3d 588, 589 [2021]; Citi Land Servs., LLC v McDowell, 30 Misc 3d 145[A], 2011 NY Slip Op 50387[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). To the extent that tenant argued that the default final judgment should be vacated due to excusable default (see CPLR 5015 [a] [1]), she was required to demonstrate both a reasonable excuse for her failure to appear and a meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Cambridge Hgts. HDFC v McCormick, 61 Misc 3d 154[A], 2018 NY Slip Op 51813[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). As tenant failed to submit any medical documentation substantiating her claim that she was unable to appear on the adjourned trial date due to a scheduled surgery or for other medical reasons, she did not demonstrate a reasonable excuse for her default (see e.g. Seitzer v McFadden, 219 AD3d 1262, 1262 [2023]; Dankenbrink v Dankenbrink, 154 AD3d 809, 810 [2017]; Wells Fargo Bank, N.A. v Cean Owens, LLC, 110 AD3d 872, 872 [2013]; Matter of Amirah Nicole A. [Tamika R.], 73 AD3d 428, 429 [2010]). Consequently, it is unnecessary to consider whether tenant established a meritorious defense to the action (see Seitzer v McFadden, 219 AD3d at 1262; 65-60 Realty Co., LLC v Towaki Komatsu, 54 Misc 3d 127[A], 2016 NY Slip Op 51781[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
As the warrant of eviction has been executed, so much of the appeal as is from the portion of the order that denied the branch of tenant's motion seeking to stay the execution of the warrant of eviction is moot.
Accordingly, the order, insofar as reviewed, is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ. concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 7, 2025