| |
|:---:|
| **Lohr v Fenton** |
| 2025 NY Slip Op 31905(U) |
| May 30, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158934/2023 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. KATHLEEN WATERMAN-MARSHALL</u>          PART          31
                                                    *Justice*

-------------------------------------------------------------------------------X

RICHARD LOHR

                                    Plaintiff,

                    - v -

NEIL FENTON,

                                    Defendant.

-------------------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 158934/2023 |
| MOTION DATE | 12/01/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 34

were read on this motion to/for                    <u>                    DISMISSAL                    </u>.

Upon the foregoing documents, the motion by defendant Neil Fenton ("Mr. Fenton") to dismiss the complaint is denied. Upon the same record, the cross-motion by plaintiff Richard Lohr ("Mr. Lohr") to consolidate this matter with another action pending between the parties in this Court is granted.

This matter was reassigned to Part 31 in mid-March 2025. Prior to the reassignment, Mr. Fenton moved to dismiss the complaint pursuant to CPLR § 3211(a)(4), (7), and (8). Mr. Lohr opposed dismissal and cross-moved to consolidate the instant intentional tort action with a prior negligence action currently pending between the same parties.

Mr. Fenton's counsel was relieved by order dated January 28, 2025 (NYSCEF Doc. No. 36), and the matter was stayed for 40 days after outgoing defense counsel mailed the notice to retain new counsel. On January 31, 2025, outgoing defense counsel mailed a copy of the order relieving it as counsel, and directed Mr. Fenton to retain new counsel. Consequently, the stay expired on or about March 13, 2025. No new notice of appearance has been filed on behalf of Mr. Fenton nor has he indicated that he intends to proceed pro-se.[1]

## Background

The parties have two actions pending arising out of a single occurrence. In this action, Mr. Lohr alleges that Mr. Fenton intentionally shut a door on his hand, committing civil assault and battery. In the earlier action, Mr. Lohr alleges that Mr. Fenton negligently shut the door on his hand, causing injury (NY County Index. No. 158488/2022). Mr. Fenton moves to dismiss this assault and battery action, contending that he was not properly served, the complaint fails to state a cause of action, and that there is a prior action pending between the parties. Mr. Lohr opposes

---

[1] NYSCEF still reflects the prior defense counsel, Felicello Law, as counsel. Felicello Law is directed to contact the NYSCEF Help Center for assistance removing its appearance (nyscef@nycourts.gov 646-386-3033).

**158934/2023   LOHR, RICHARD vs. FENTON, NEIL**                                        **Page 1 of 5**
**Motion No.  001**

dismissal, contending that service was proper and the complaint asserts valid causes of action for assault and battery. Mr. Lohr also opposes dismissal for a prior action pending, contending that consolidation of the negligence and intentional tort matters is appropriate.

## Discussion
### I. Jurisdiction

CPLR § 3211(a)(8) provides a party may move to dismiss the claims against it for want of jurisdiction. The party seeking to assert personal jurisdiction bears the burden of establishing that jurisdiction was properly obtained (*James v iFinex Inc.*, 185 AD3d 22 [1st Dept 2020]; *College v Brady*, 84 AD3d 1322 [2d Dept 2011]). A plaintiff opposing a motion to dismiss pursuant to CPLR § 3211(a)(8) on the ground that discovery is required on the issue of personal jurisdiction, need only provide "a sufficient start" to show jurisdiction has been obtained and that plaintiff's position is not frivolous, not a prima facie showing of jurisdiction (*Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *American BankNote Corp. v Daniele*, 45 AD3d 338 [1st Dept 2007]; *see also Shore Pharm. Providers Inc. v Oakwood Care Ctr. Inc.*, 65 AD3d 623 [2d Dept 2009]).

Substituted service pursuant to CPLR 308 (4), commonly referred to as "nail and mail" service, may only be used when, after due diligence, personal service pursuant to CPLR 308(1) or (2) cannot be made (CPLR 308[4]; *Countrywide Home Loans, Inc. v Smith*, 171 AD3d 858 [2d Dept 2019]). There is no rigid standard governing due diligence for substituted service (*Brafman & Associates, P.C. v Balkany*, 190 AD3d 453 [1st Dept 2021]).

Mr. Lohr has established that jurisdiction was properly obtained over Mr. Fenton. A process server's affidavit of service establishes, prima facie, the method of service and a presumption of proper service (*PEP LLC v Channel Creations LLC*, 217 AD3d 591 [1st Dept 2023]; *Fairmount Funding Ltd. v Stefansky*, 235 AD2d 213 [1st Dept 1997]). The process server attempted to effectuate service pursuant to CPLR 308(1) and (2), before resorting to service pursuant to CPLR 308(4). The process server averred that they attempted service on: the evening of October 5, 2023, noon on October 19, 2023, the evening on October 30, 2023, and the morning of November 1, 2023, before resorting to substituted service, by affixing a copy of the summons and verified complaint to defendant's door and mailing a copy to defendant's address. This is sufficient due diligence under CPLR 308(4) (*Brown v Teicher*, 188 AD2d 256 [1st Dept 1992] [three attempts at service at different times sufficient due diligence before resorting to "nail and mail" service]).

Mr. Fenton contends that he did not hear the process server knock on his door at the times noted in the process server's affidavit and never received the mailed summons and complaint. However, he does not dispute that the address listed in the process server's affidavit is his residence, nor does he deny receiving the copy of the summons and complaint affixed to his door. A bare denial of receipt is insufficient to rebut the presumption of proper service and require a Traverse hearing on service (*Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759 [2d Dept 2013]; *Countrywide Home Loans, Inc.*, 171 AD3d 858). Accordingly, Mr. Fenton's motion to dismiss the action for want of jurisdiction is denied.

**158934/2023   LOHR, RICHARD vs. FENTON, NEIL**
**Motion No.  001**

**Page 2 of 5**

2 of 5

## II. Failure to State a Claim

On a motion to dismiss under § 3211(a)(7), the complaint is afforded the benefits of liberal construction, a presumption of truth, and any favorable inference *(see e.g. M & E 73-75, LLC v 57 Fusion LLC*, 189 AD3d 1 [1st Dept 2020]; *Askin v Department of Educ. of City of N.Y.*, 110 AD3d 621, 622 [1st Dept 2013]). The motion must be denied if, from the four corners of the pleadings, "factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001] [internal quotation omitted]). A complaint should not be dismissed so long as, "when the plaintiff's allegations are given the benefit of every possible inference, a cause of action exists," and a plaintiff may cure potential deficiencies in its pleading through affidavits and other evidence (*R.H. Sanbar Projects v Gruzen Partnership*, 148 AD2d 316, 318 [1st Dept 1989]). However, bare legal conclusions and factual allegations which are inherently incredible or contradicted by documentary evidence are not presumed to be true (*Mark Hampton, Inc. v Bergreen*, 173 AD2d 220 [1st Dept 1991]).

Providing the complaint with every favorable inference, and presuming it to be true, the instant complaint asserts claims for assault and battery. Mr. Lohr contends that Mr. Fenton briskly closed a door intentionally and maliciously, thus causing his hand to become caught in the door. New York recognizes a civil cause of action for assault and battery (*Charkhy v Altman*, 252 AD2d 413 [1st Dept 1998]). Accordingly, Mr. Fenton's motion to dismiss the complaint for failure to state a claim is denied.

## III. Prior Action Pending & Consolidation

Where two sufficiently similar actions are pending with substantial identity of the parties and seeking substantially the same relief, the action may be dismissed (CPLR § 3211[a][4]; *Swartz v Swartz*, 145 AD3d 818 [2d Dept 2016]). New York follows the "first-in time" rule, to wit: "the court which has first taken jurisdiction is the one in which the matter should be determined and it is a violation of the rules of comity to interfere" (*White Light Prods v On the Scene Prods.*, 231 AD2d 90, 96 [1st Dept 1997]; *Syncora Guar. Inc v JP Morgan Sec. LLC.*, 110 AD3d 87, 95 [1st Dept 2013]).

Dismissal is not mandated, however, and the Court may issue such order as justice requires (CPLR 3211[a][4]). This includes ordering consolidation of related actions, *sua sponte*, when the two actions involve the same subject matter and parties, consolidation will preserve the rights of the parties, and doing so is judicially economical (*MediaAmerica, Inc. v Rudnick*, 156 AD2d 174 [1st Dept 1989]; *Amcan Holdings, Inc. v Torys LLP*, 32 AD3d 337 [1st Dept 2006] *John J. Campagna, Inc. v Dune Alpin Farm Assoc.*, 81 AD2d 633 [2d Dept 1981]). Consolidation rests within the discretion of the Court and is appropriate where two actions involve "a common question of law or fact" (CPLR § 602[a]); the burden is on a party resisting consolidation to show that consolidation would be prejudicial (*Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia]*, 26 NY2d 157 [1970]; *Amcan Holdings, Inc.*, 32 AD3d 339).

On October 4, 2022, Mr. Lohr filed a negligence action against Mr. Fenton alleging that he negligently shut an apartment door on Mr. Lohr's hand causing injury (NY County Index. No. 158488/2022). Discovery in that action proceeded, and Mr. Lohr moved to amend his complaint to add claims for assault and battery. However, Mr. Lohr's motion to amend the complaint was

**158934/2023   LOHR, RICHARD vs. FENTON, NEIL**
**Motion No.  001**

**Page 3 of 5**

3 of 5

[* 3]

withdrawn. Thereafter, on September 11, 2023, Mr. Lohr filed the instant action for assault and battery. While both actions arise out of the same subject matter, namely the allegation that Mr. Fenton shut a door trapping Mr. Lohr's hand in the doorway and causing injury, they do not assert the same causes of action. As ought to be obvious, in the negligence action Mr. Lohr contends that Mr. Fenton accidently caused his injuries, while in the assault and battery action, he contends that Mr. Fenton intentionally caused his injuries. Under these circumstances, dismissal of the assault and battery action is not appropriate; instead, consolidation of the two actions is warranted as it promotes judicial economy, preserves the rights of the parties, and avoids potentially inconsistent verdicts. That the parties have substantially completed discovery in the negligence action does not require a different result. There is no basis to have separate trials on different theories of liability for a single incident. The trial, under either theory of liability will involve the same witnesses and much of the same evidence. Accordingly, Mr. Fenton's request for dismissal for another action pending is denied, and Mr. Lohr's cross-motion to consolidate this action with the earlier negligence action is granted.

*IV. Undertaking / Attorney's Fees*

Mr. Fenton's claim that CPLR § 3211 provides for his attorney's fees is without merit. Similarly, there is no legal basis to condition consolidation upon Mr. Lohr obtaining an undertaking or depositing money into Court. Mr. Fenton's reliance on *Gordon v Lifshitz* to support his request that the Cour impose conditions upon consolidation is misplaced (10 AD2d 669 [1st Dept 1960]). *Gordon* addressed consolidation under Civ. Prac. Act § 97, a law no longer in effect, having been repealed in the 1960s; in any event, the plaintiff there was required to pay into the court the amount due defendant for professional services when consolidating a municipal court action for payment of the professional services with a supreme court action alleging malpractice. *Gordon* is factually and legal distinct from this matter.

Accordingly, it is

**ORDERED** that defendant's motion to dismiss the complaint is denied; and it is further

**ORDERED** that plaintiff's cross-motion to consolidate is granted and the above-captioned action is consolidated in this Court with *Richard Lohr v Neil Fenton*, Index No. 158488/2022, pending in this Court; and it is further

**ORDERED** that the consolidation shall take place under Index No. 158488/2022 and the consolidated action shall bear the following caption:

```
                   -------------------------------X
                   Richard Lohr
                                  Plaintiff,

                         -against-

                   Neil Fenton
                                  Defendant
                   -------------------------------X
```

**158934/2023   LOHR, RICHARD vs. FENTON, NEIL**
**Motion No.  001**

**Page 4 of 5**

4 of 5

**ORDERED** that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; and it is further

**ORDERED** that, within 30 days from entry of this order, plaintiff shall serve a copy of this order with notice of entry on the Clerk of the Court, who shall consolidate the documents in the actions hereby consolidated and shall mark his records to reflect the consolidation; and it is further

**ORDERED** that counsel for the plaintiff shall contact the staff of the Clerk of the Court to arrange for the effectuation of the consolidation hereby directed; and it is further

**ORDERED** that service of this order upon the Clerk of the Court shall be made in hard-copy format if this action is a hard-copy matter or, if it is an e-filed case, shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

**ORDERED** that, as applicable and insofar as is practical, the Clerk of this Court shall file the documents being consolidated in the consolidated case file under the index number of the consolidated action in the New York State Courts Electronic Filing System or make appropriate notations of such documents in the e-filing records of the court so as to ensure access to the documents in the consolidated action; and it is further

**ORDERED** that, within 30 days from entry of this order, plaintiff shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office, who is hereby directed to reflect the consolidation by appropriately marking the court's records; and it is further

**ORDERED** that such service upon the Clerk of the General Clerk's Office shall be made in hard-copy format if this action is a hard-copy matter or, if it is an e-filed case, shall be made in accordance with the procedures set forth in the aforesaid *Protocol*; and it is further

**ORDERED** that counsel and, if defendant is self-represented, defendant pro-se are directed to appear for a status conference in Courtroom 623 at 111 Centre Street New York, NY 10013 on **August 20, 2025 at 10:00am**; and it is further

**ORDERED** that the parties are reminded of the Part Rules, available on the Court's website, including those regarding the submission of a proposed joint conference order in advance of the conference date an in lieu of an in-person appearance.

**The Court's Help Center may be contacted at SFC-HelpCenterNY@nycourts.gov, 646-386-3120, or Room 119A at 60 Centre Street, New York, NY 10007.**

_____
**5/30/2025**
**DATE**

_____
**KATHLEEN WATERMAN-MARSHALL, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158934/2023   LOHR, RICHARD vs. FENTON, NEIL**
**Motion No.  001**

**Page 5 of 5**

5 of 5