PennyMac Loan Servs., LLC v Valdez (2026 NY Slip Op 00060)

PennyMac Loan Servs., LLC v Valdez

2026 NY Slip Op 00060

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 36309/19|Appeal No. 5545-5546|Case No. 2025-02533 2025-05673|

[*1]PennyMac Loan Services, LLC, Plaintiff-Respondent,
vCarlos Valdez Also Known as Carlos A. Valdez, Defendant-Appellant, Eddie Bueno et al., Defendants. 

Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellant.
Blank Rome LLP, New York (Diana M. Eng of counsel), for respondent.

Judgment of foreclosure and sale, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about July 23, 2025, unanimously affirmed. Appeal from order, same court and Justice, entered February 26, 2025, which denied defendant Carlos Valdez's motion to vacate the default judgment against him and dismiss the complaint or for leave to file a late answer, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The affidavits of service filed by plaintiff were prima facie evidence that defendant was properly served with the supplemental summons and amended complaint pursuant to CPLR 308(2) (see Ocwen Loan Servicing, LLC v Ali, 180 AD3d 591, 591 [1st Dept 2020], lv dismissed 36 NY3d 1046 [2021]).
Even if defendant sufficiently rebutted the process server's affidavit of service at the subject property by showing that it was an active construction site at the time, defendant failed to rebut the showing of proper service at his residence (see Johnson v Deas, 32 AD3d 253, 254 [1st Dept 2006]). Defendant asserts that the process server could not have served someone named "Andres Valdez," the name of his deceased father, at his residence. However, defendant did not dispute that process was served at his residence or assert that no one else matching the physical description contained in the affidavit of service lived at the residence (see HSBC Bank USA, N.A. v Gifford, 224 AD3d 447, 450 [1st Dept 2024]; Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967 [2d Dept 2017]). In addition, defendant's affidavit "failed to address, let alone dispute, that the pleadings had been mailed to [his] residence" (PEP LLC v Channel Creations LLC, 217 AD3d 591, 592 [1st Dept 2023] [internal quotation marks omitted]).
Supreme Court correctly determined that defendant failed to proffer a reasonable excuse for the default, as he did not rebut plaintiff's showing of proper service (see Citibank, N.A. v K.L.P. Sportswear, Inc., 144 AD3d 475, 476 [1st Dept 2016]). Because defendant failed to provide a reasonable excuse for his default, we need not address whether he demonstrated a meritorious defense (see Lopez v Mama's Fried Chicken, Inc., 202 AD3d 597, 598 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026