Ditmas Park, LLC v Roy

2026 NY Slip Op 50799(U)

May 15, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Appeal—Academic and Moot Questions

Ditmas Park, LLC, Respondent,

v

Antoine Roy, Appellant, Remusa Roy, Enice Joseph, Marie Suzie Joseph, Michael Eliazard and Juan Ventura, Tenants.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts

Decided on May 15, 2026

2025-1146 K C

Present: : Wavny Toussaint, P.J., ChereÉ A. Buggs, Joanne D. QuiÑOnes, JJ

Antoine Roy, appellant pro se.
The Law Offices of Scott Gross, P.C. (Scott Gross of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Shantonu J. Basu, J.), dated June 12, 2025. The order denied tenant's motion to, in effect, stay execution of the warrant in a nonpayment summary proceeding.

[*1]

ORDERED that the appeal is dismissed.

In this nonpayment proceeding, after tenant defaulted on a stipulation of settlement dated October 18, 2022, a final judgment awarding landlord possession and the principal sum of $31,122.16 was entered on September 13, 2023. Tenant received several extensions to pay the outstanding arrears, while representing that he had applied for rental assistance. A motion by tenant to stay execution of the warrant was denied on the June 12, 2025 return date because tenant failed to appear in court by 11:00 a.m. Tenant arrived at 11:30 a.m. and promptly moved by order to show cause to vacate the denial of his stay motion and for that motion to be granted on the merits—in effect, to stay execution of the warrant. By order dated June 12, 2025, the Civil Court (Shantonu J. Basu, J.) denied tenant's motion, noting that, despite tenant's assertion that he had been approved for rental assistance for all rent due through May, he did not have the current month's rent.

Tenant was subsequently evicted. The appeal from the order denying tenant's motion to, in effect, stay the eviction has therefore been rendered moot, as any determination of this court regarding that order will not affect the rights of the parties (see Hernandez v Saintelus, 85 Misc 3d 129[A], 2025 NY Slip Op 50186[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025]; Michalak v Fechtel, 27 Misc 3d 140[A], 2010 NY Slip Op 50946[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). The circumstances present in this case do not warrant addressing the issues raised under an exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707 [1980]; Michalak v Fechtel, 2010 NY Slip Op 50946[U]; Coleman v Ceraolo, 26 [*2]Misc 3d 131[A], 2010 NY Slip Op 50057[U] [App Term, 1st Dept 2010]).

Accordingly, the appeal is dismissed.

TOUSSAINT, P.J., BUGGS and QUIÑONES, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: May 15, 2026